UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02364-MWF (SK) | Date | April 2, 2021 |
|---|---|---|---|
| Title | Victor Armando Rubio-Herrera v. T. Jusino | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is a federal prisoner challenging the loss of 27 days of good-time credit after a prison disciplinary proceeding. (ECF 1). He alleges that his due process rights were violated in various ways and so is entitled to the restoration of those 27 days under 28 U.S.C. § 2241. According to public inmate records, Petitioner is scheduled to be released in June 2021. His petition is subject to dismissal, however, for two reasons.

First, he has not shown that he has exhausted his administrative remedies. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). The BOP has administrative procedures for inmates to challenge aspects of their imprisonment. *See* 28 C.F.R. § 542.10-542.19. Nothing in the petition suggests that exhaustion would have been futile. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990); *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993). Exhaustion is particularly important in a case like this one, where the administrative record would show whether Petitioner's hearing report was falsified or if he was denied the right to present exculpatory evidence at the hearing. (ECF 1 at 3-4). And if such rights had been denied, the exhaustion process would allow the prison to fix those errors. Without proof of administrative exhaustion, then, this petition may be dismissed until that requirement has been satisfied. *See Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004).

Second, Petitioner has no due process rights in the remaining parts of his disciplinary proceeding that he challenges. While the BOP tries to provide "written notice of a disciplinary action within 24 hours of discovery of the violation," its "failure to do so does not demonstrate a failure of due process." *Valdez v. Benov*, WL 4500472, at *4 (E.D. Cal. Aug. 22, 2013). Nor does due process "include representation . . . during a prison disciplinary proceeding." *Best v. Lake*, WL 3409868, at *5 (E.D. Cal. July 29, 2019). Petitioner has "no due process right to a staff representative, let alone a specific representative that he chose." *Nelson v. Ives*, WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02364-MWF (SK) | Date | April 2, 2021 |
|---|---|---|---|
| Title | Victor Armando Rubio-Herrera v. T. Jusino | | |

3563290, at *n.5 (C.D. Cal. May 23, 2016). Even if it did, the staff member Petitioner requested was appointed and reviewed the video footage of the incident at issue. (ECF 1 at 3).

Petitioner is thus **ORDERED TO SHOW CAUSE** on or before **May 3, 2021** why the Court should not dismiss his petition, in whole or in part, for these two reasons. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached form CV-09. **Failure to respond to this order on time will result in involuntary dismissal for lack of prosecution.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**